```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/23/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DINO ANTOLINI,

                Plaintiff,

    -against-

MARGARET WORT, CHRISTINE M. SWEEMEY,
ROBERT SHAPIRO, LAURA SHAPIRO,
ALEXANDRA SHAPIRO, ANTHONY S. FELZEN
and PEI MUSSEL KITCHEN, LLC,

                Defendants.
------------------------------------------------------------X

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Index No. 18-CV-4055 (PAE)

**WHEREAS,** Defendants Robert Shapiro, Laura Shapiro, Alexandra Shapiro, Anthony S. Felzen, incorrectly sued herein as Anthony S. Feizen, and PEI Mussel Kitchen, LLC (collectively, "Defendants") intend to produce certain documents and information that they deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS,** Defendants will only produce these documents and information if appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the attorneys for Plaintiff Dino Antolini ("Plaintiff") and Defendants, as follows:

1. As used herein, "Action" shall mean the pending action between Plaintiff and Defendants captioned Dino Antolini v. Margaret Wort et al., 18-CV-4055.

2. "Confidential Materials" shall include all documents or other materials that each party to this action may in good faith determine should be designated as "Confidential Material."

3. The parties shall not use Confidential Materials produced during the discovery of this Action for any purpose other than the evaluation, preparation, presentation, or settlement of claims or defenses in the Action.

4. Counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses and complainants identified by the production of documents or otherwise identified during the course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communicating with witnesses or the service of subpoenas, and shall not be included in documents publicly filed with the Court.

5. Attorneys for each party shall not disclose Confidential Materials to any person other than a party, an attorney of record for that party, its insurer, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in this Action.

   b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above other than to the Court or to a witness at a deposition, the attorney shall provide each such person with a copy of this Confidentiality Agreement and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. All attorneys shall retain the signed consent and furnish a copy to the other attorneys upon request at the conclusion of the lawsuit.

6. Counsel for both parties may designate deposition exhibits or portions of deposition transcripts as Confidential by indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will designate the transcript and/or exhibit as Confidential.

7. If either party objects to the designation of Confidential Materials as confidential, the objecting party shall state such objection in writing, and counsel shall attempt to resolve such conflict in good faith. If the conflict cannot be resolved among counsel, the objecting party's attorney shall, within thirty (30) days of the initial objection, request by motion that the Court remove the designation. Any such materials shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first contact all counsel in an attempt to resolve all issues relating to confidentiality. In the event that no resolution may be obtained, a party may make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9. Nothing in this Confidentiality Agreement and Protective Order shall be construed to limit Defendants' use of their own Confidential Materials in any manner.

10. Nothing in this Confidentiality Agreement and Protective Order shall be deemed a waiver of any right any party otherwise might have under the Freedom of Information Act, the New York Civil Practice Laws and Rules, the Federal Rules of Civil Procedure, or the doctrines of attorney-client privilege or attorney work product.

11. This Confidentiality Agreement and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

12. This Confidentiality Agreement and Protective Order will survive the termination of the Action and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to Paragraph 5 herein, for any purpose without prior Court approval.

Dated: New York, New York
August 9, 2018

FINKELSTEIN LAW GROUP, PLLC

By: _____
Stuart H. Finkelstein
Attorneys for Plaintiff
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Daniel S. Moretti
Sonali Setia
Attorneys for Defendants Robert Shapiro, Laura Shapiro, Alexandra Shapiro, Anthony S. Felzen and PEI Mussel Kitchen, LLC
120 Broadway 27th Floor
New York, New York 10271
(212) 238-4800

SO ORDERED   8/23/18

Paul A. Engelmayer
U.S.D.J.

4

4819-8390-8972v.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
DINO ANTOLINI,

                    Plaintiff,

    -against-

MARGARET WORT, CHRISTINE M. SWEEMEY,
ROBERT SHAPIRO, LAURA SHAPIRO,
ALEXANDRA SHAPIRO, ANTHONY S. FELZEN
and PEI MUSSEL KITCHEN, LLC,

                    Defendants.
------------------------------------------------------------------ X

**NON-DISCLOSURE AGREEMENT**

Index No. 18-CV-4055 (PAE)

I, _____, acknowledge that I have read and understand the Confidentiality Agreement and Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Material to anyone other than for the purposes of this litigation and that, at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Confidentiality Agreement and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Agreement and Protective Order could subject me to punishment for contempt of Court.

Dated:_____          _____