UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DINO ANTOLINI,

                         Plaintiff,

-against-

MARGARET WORT, CHRISTINE M. SWEEMEY,
ROBERT SHAPIRO, LAURA SHAPIRO,
ALEXANDRA SHAPIRO, ANTHONY S. FEIZEN
and PEI MUSSEL KITCHEN, LLC,

                         Defendants.
------------------------------------------------------------------ X

**FIRST AMENDED ANSWER**

1:18-CV-04055 (PAE)

    Defendants Robert Shapiro, Laura Shapiro, Alexandra Shapiro, Anthony S. Felzen, incorrectly sued herein as Anthony S. Feizen, and PEI Mussel Kitchen, LLC (collectively, the "Defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Complaint herein as follows:

## WITH RESPECT TO JURISDICTION AND PARTIES

    1.    The allegations contained in Paragraph 1 of the Complaint contain legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendants deny the truth of each and every allegation of Paragraph 1 of the Complaint, and refer all questions of law to the Court.

    2.    Defendants deny the truth of each and every allegation of Paragraph 2 of the Complaint, and refer all questions of law to the Court.

    3.    Defendants deny the truth of each and every allegation of Paragraph 3 of the Complaint, and refer all questions of law to the Court.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and refer all questions of law to the Court. Defendants specifically aver that Jose Figueroa is not named as a plaintiff in this action.

5. Defendants deny the truth of each and every allegation of Paragraph 5 of the Complaint and refer all questions of law to the Court.

6. Defendants deny the truth of each and every allegation of Paragraph 6 of the Complaint, except admit that PEI Mussels, LLC is authorized to conduct business within the state of New York, and refer all questions of law to the Court.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth the allegations contained in Paragraph 7 of the Complaint, and refer all questions of law to the Court.

## WITH RESPECT TO COUNT I –
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

8. The allegations contained in the second Paragraph 7 *[sic]* of the Complaint contain legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth the allegations contained in the second Paragraph 7 *[sic]* of the Complaint, and refer all questions of law to the Court.

9. The allegations contained in Paragraph 8 of the Complaint contain legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and refer all questions of law to the Court, including questions regarding the specific wording of the statutes and regulations referenced in the Complaint.

10. The allegations contained in Paragraph 9 of the Complaint contain legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and refer all questions of law to the Court, including questions regarding the specific wording of the statutes and regulations referenced in the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and refer all questions of law to the Court.

12. Defendants deny the truth of each and every allegation of Paragraph 11 of the Complaint, except deny knowledge and information sufficient to form a belief as to what Plaintiff may have been informed and what he believes, and refer all questions of law to the Court.

13. Defendants deny the truth of each and every allegation of Paragraph 12 of the Complaint, and refer all questions of law to the Court.

14. Defendants deny the truth of each and every allegation of Paragraph 13 of the Complaint, and refer all questions of law to the Court.

15. The allegations contained in Paragraph 14 of the Complaint contain legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and refer all questions of law to the Court.

16. Defendants deny the truth of each and every allegation of Paragraph 15 of the Complaint, and refer all questions of law to the Court.

17. Defendants deny the truth of each and every allegation of Paragraph 16 of the Complaint, and refer all questions of law to the Court.

18. Defendants deny the truth of each and every allegation of Paragraph 17 of the Complaint, and refer all questions of law to the Court

19. Defendants deny the truth of each and every allegation of Paragraph 18 of the Complaint, and refer all questions of law to the Court.

20. The allegations contained in Paragraph 19 of the Complaint contain legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendants deny the truth of each and every allegation of Paragraph 19 of the Complaint, and refer all questions of law to the Court.

21. Defendants deny the truth of each and every allegation of Paragraph 20 of the Complaint, and refer all questions of law to the Court.

## WITH RESPECT TO COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

22. The allegations contained in Paragraph 21 of the Complaint contain legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and refer all questions of law to the Court, including questions regarding the specific wording of the statutes and regulations referenced in the Complaint.

23. Defendants deny the truth of each and every allegation of Paragraph 22 of the Complaint, and refer all questions of law to the Court.

24. There are no allegations in Paragraph 23 which require a response. To the extent that a response is required, Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" through "23" with the same force and effect as if fully set forth at length herein.

### WITH RESPECT TO COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

25. The allegations contained in Paragraph 24 of the Complaint contain legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and refer all questions of law to the Court, including questions regarding the specific wording of the statutes and regulations referenced in the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and refer all questions of law to the Court.

27. Defendants deny the truth of each and every allegation of Paragraph 26 of the Complaint, and refer all questions of law to the Court.

28. Defendants deny the truth of each and every allegation of Paragraph 27 of the Complaint, and refer all questions of law to the Court.

29. Defendants deny the truth of each and every allegation of Paragraph 28 of the Complaint, and refer all questions of law to the Court.

30. There are no allegations in Paragraph 29 which require a response. To the extent that a response is required, Defendants repeat, reiterate and reallege each and every response

4818-5973-1824v.1

contained in Paragraphs "1" through "29" with the same force and effect as if fully set forth at length herein.

31. Defendants deny the truth of each and every allegation of Paragraph 30 of the Complaint, and refer all questions of law to the Court.

### WITH RESPECT TO ATTORNEYS' FEES AND COSTS

32. The allegations contained in Paragraph 31 of the Complaint contain legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendants deny the truth of each and every allegation of Paragraph 31 of the Complaint, and refer all questions of law to the Court.

### WITH RESPECT TO DAMAGES

33. Defendants deny the truth of each and every allegation of Paragraph 33 *[sic]* of the Complaint, and refer all questions of law to the Court.

### WITH RESPECT TO INJUNCTIVE RELIEF

34. The allegations contained in Paragraph 34 of the Complaint contain legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendants deny the truth of each and every allegation of Paragraph 34 of the Complaint, and refer all questions of law to the Court.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

35. The Complaint fails to properly state, specify or allege a cause of action on which relief may be granted and should be dismissed in whole or in part with prejudice.

## SECOND AFFIRMATIVE DEFENSE

36. The instant action has no arguable basis in law or fact, is frivolous and vexatious, and should be dismissed, and Defendants should be awarded attorney's fees, costs, and interest for the defense of this frivolous action.

## THIRD AFFIRMATIVE DEFENSE

37. Defendants did not discriminate against Plaintiff. Defendants' conduct with respect to Plaintiff conformed to the requirements of all applicable law, including, but not limited to federal, state and local laws.

## FOURTH AFFIRMATIVE DEFENSE

38. Plaintiff did not sustain any damages.

## FIFTH AFFIRMATIVE DEFENSE

39. Plaintiff failed to mitigate or otherwise act to lessen or reduce his damages.

## SIXTH AFFIRMATIVE DEFENSE

40. Plaintiff's contentions are barred in whole or in part by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

41. Any damages or losses allegedly suffered by Plaintiff were caused exclusively by the culpable conduct of Plaintiff and/or the culpable conduct of other persons or entities over whom Defendants had and have no control, and not by Defendants or anyone acting under their direction or control.

4818-5973-1824v.1

### EIGHTH AFFIRMATIVE DEFENSE

42. The relief, in whole or in part, sought by the Plaintiff would constitute an undue burden upon Defendants, and should not be granted pursuant to 42 U.S.C. § 12182(b)(2)(A) and other applicable federal, state and city statutes and regulations.

### NINTH AFFIRMATIVE DEFENSE

43. Upon information and belief, to the extent that Plaintiff made any request for an accommodation, Defendants provided Plaintiff with a reasonable accommodation.

### TENTH AFFIRMATIVE DEFENSE

44. If Plaintiff is entitled to any relief, such relief is limited by such relief under the relevant statutes.

### ELEVENTH AFFIRMATIVE DEFENSE

45. The relief sought in the Complaint, in whole or in part, would require disproportionate cost.

### TWELFTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred to the extent discovery shows that Plaintiff lacks standing to seek some portion or all of the relief sought in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

47. Some or all of the alleged ADA violations are not related to Plaintiff's alleged disability.

### FOURTEENTH AFFIRMATIVE DEFENSE

48. Plaintiff failed to provide Defendants with prior notice of the alleged violations and to provide opportunity to cure the alleged violations.

4818-5973-1824v.1

**FIFTEENTH AFFIRMATIVE DEFENSE**

49.     Plaintiff's causes of action for injunctive relief and declaratory judgment are preempted by applicable law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

50.     Plaintiff's claims are barred because the alleged violations are *de minimis* and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

51.     Plaintiff's claims that the place of public accommodation violated the ADA and/or other statutes or codes are barred to the extent that said place of public accommodation were designed or constructed prior to the effective dates of the ADA and/or claims statutes, codes, or regulations allegedly violated.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

52.     Plaintiff did not possess a bona fide good faith intent at the subject premises and avail himself of the goods and services provided thereby but instead acted for the sole purpose of instituting this lawsuit.

**NINETEENTH AFFIRMATIVE DEFENSE**

53.     The relief sought by Plaintiff, in or whole in part, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations being offered and therefore should not be granted pursuant to 42 U.S.C. §12182(b)(2)(A)(ii).

**TWENTIETH AFFIRMATIVE DEFENSE**

54.     Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel and laches.

4818-5973-1824v.1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

55. Any damages suffered by Plaintiff should be reduced in proportion to the extent that they were due to his own culpable conduct.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

56. The provisions of the Americans with Disabilities Act cited by Plaintiff do not provide for monetary relief, either compensatory or punitive.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

57. The Court lacks personal jurisdiction over Defendants based upon improper service.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

58. The Complaint fails to comply with the pleading requirements set forth in Rule 10 of the Federal Rules of Civil Procedure.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred, in whole or in part, because the modifications and alterations Plaintiff seeks are "technically infeasible" within the meaning of the ADA, or otherwise are not "readily achievable" within the meaning of the ADA.

60. Defendants reserve all rights to add additional defenses, which may be ascertained in the course of discovery in this action.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint herein, together with their costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated: New York, New York
September 12, 2018

        Yours, etc.,

        LANDMAN CORSI BALLAINE & FORD P.C.

        By: _/s/ Sonali Setia_
            Sonali Setia
            Attorneys for Defendants
            ROBERT SHAPIRO, LAURA SHAPIRO,
            ALEXANDRA SHAPIRO, ANTHONY S.
            FEIZEN and PEI MUSSEL KITCHEN, LLC
            120 Broadway 27th Floor
            New York, New York 10271
            (212) 238-4800

TO:    FINKELSTEIN LAW GROUP
        Attorneys for Plaintiff
        338 Jericho Turnpike
        Syosset, New York 11791
        (718) 261-4900