USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/12/2018

10/12/18

Denied. The Court will entertain these concerns in any motion from plaintiff for summary judgment.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

STUART

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

October 4th, 2018

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York - Courtroom 1305
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re: Antolini vs. Wort, et at
> Case No.: 1:18-cv-04055-PAE
> Motion Letter to Strike Affirmative Defenses

Dear Judge Engelmayer,

I represent the Plaintiff in the above matter and in accordance with your Individual Rules of Practice 3.A., we seek to strike Defendants Wort and Sweemeys' affirmative defenses for failure to satisfy the Federal Rules of Civil Procedure pleading requirements and prevailing case law.

Plaintiff filed a cause of action regarding the Americans with Disabilities Act (hereinafter "ADA") against Defendants on May 6, 2018 via a Complaint. Defendants Wort and Sweemey filed their Answer and Affirmative Defenses on September 27, 2018. The above-referenced Answer and Affirmative Defenses fails to state any substantive facts or grounds particular to the present action to support these defenses. Moreover, many of Defendants' affirmative defenses are insufficient under Rule 8. As such, we seek the Court's intervention to dismiss and/or strike those portions of the Affirmative Defenses pursuant to Rule 12(f), acknowledging that we are limited by page rule limitations.

Under Rule 12(f) a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal Rule of Civil Procedure 12(f) allows the Court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f); China Trust Bank of New York v. Standard Chartered Bank, PLC, No. 96 Civ. 9764, 1998 WL 574391, at *2 (S.D.N.Y. Sept.4, 1998).

To prevail on a motion to strike the moving party must satisfy a stringent three-pronged test: (1) "there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed;

STUART H. FINKELSTEIN, ESQ.

and (3), the plaintiff must be prejudiced by the inclusion of the defense." Specialty Minerals, Inc. v. Pluess-taufer AG, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005). In considering the first and second prongs, courts apply the same legal standard as that applicable to a motion to dismiss under Rule 12(b) (6). Coach, Inc. v. Kmart Corps., 756 F. Supp. 2d 421,425 (S.D.N.Y. 2010). The "sufficiency of a defense is to be determined solely upon the face of the pleading," and the Court "accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the [non-moving party's] favor." In City of New York v. FedEx Ground Package System, Inc., 13 Civ. 9173 (ER) subsequent to the Court's analysis applying the three pronged test, the Court struck nine of the 24 affirmative defenses pleaded by the defendant. "In sum, the Court finds that all of the defenses that fail as a matter of law would cause Plaintiffs prejudice if they remained in the case. They are thus appropriately struck from the pleadings pursuant to Rule 12(f)". Id. City of New York v. FedEx Ground Package System, Inc., 13 Civ. 9173 (ER)

Rule 12(f) gives courts substantial discretion to strike affirmative defenses that are insufficient as a matter of law "in order to avoid unnecessary time and money in litigating invalid and spurious issues." Allapattah Services, Inc. v. Exxon Corp., 372 F. Supp. 2d 1344, 1371 (S.D. Fla. 2005). The justification for striking insufficient affirmative defenses discussed in Allapattah is particularly relevant here where the defenses at issue are likely to significantly increase the cost, duration, and complexity of this matter. A motion to strike an affirmative defense "is not favored and will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986) (quoting Durham Indus., Inc. v. N. River Ins. Co., 482 F. Supp. 910, 913 (S.D.N.Y .1979)). However, "conclusory assertions, absent any supporting factual allegations are insufficient as a matter of law." Kmart, 756 F. Supp. 2d at 425. The existence of "some unknown and hypothetical set of facts that could support these defenses" will not create a question of fact. Id. at 426.

Defendants, in their First Affirmative defense states as follows: "Plaintiff has failed to state a claim upon which relief can be granted". As alleged, this defense is not a valid affirmative defense under Fed. R. Civ. P. 8, and is more appropriately the subject of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) (6). The Defendants fail to explain how and why Plaintiff fails to state a cause of action upon which relief may be granted. In fact, Defendants fail to include any facts in support of this Affirmative Defense. Moreover, this action is for injunctive relief as Plaintiff's complaint clearly asserts the cause of action seeking Injunctive Relief from the Court, prohibiting Defendants from operating its business, a place of public accommodation, in violation of the Americans with Disabilities Act (ADA) and to remove all barriers to access as required by the ADA. Hence, Defendants' first affirmative defense is nonsensical

-2-

STUART H. FINKELSTEIN, ESQ.

without more facts or explanation as to how Plaintiff has failed to state a cause of action upon which relief can be granted. Consequently, defendants' First Affirmative defense should be stricken, and Defendants should be required to allege sufficient facts in support in order to comply with Rule 8.

Defendants, in their Second, Third, Sixth, Eighth, Tenth, Twelfth, Thirteenth and Sixteenth Affirmative defense state not only erroneous law and claim a state of mind as to the alleged violations of Federal law, in addition to the Plaintiff not mitigating his alleged damages. As alleged, these defenses are not valid under Fed. R. Civ. P. 8, and is more appropriately the subject of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Not only do the Defendants fail to submit *any proof,* but also fail to offer any case law, statutory law, or otherwise, to support how and why Defendants are exempt from the American with Disabilities Act. Adding insult, is the disingenuous omission of any purported protection from remedying the Subject Facility. Consequently, Defendants Second, Third, Sixth, Tenth, Twelfth Thirteenth and sixteenth affirmative defense should be stricken on these grounds alone, and Defendants should be required to allege sufficient facts in support in order to comply with Rule 8.

Moreover, affirmative defenses are insufficient as a matter of law if they fail to meet the general pleading requirements of Federal Rules of Civil Procedure 8. United Fixtures Co, v. Base Mfg., 2008 U.S. Dist. LEXIS 114766, 10-11(M.D. Fla. 12, 2008). To comply with Rule 8 a defendant must provide "fair notice" of the defense and "the grounds upon which it rests.", "If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken."Morrson v. Exec. Aircraft Refinishing, Inc., 434 F.Supp. 2d 1314, 1318 (S.D. Fla. 2005).

Many more of the affirmative defenses pled by Defendants consist of nonsensical assertions pleaded as defenses, masquerading as legal conclusions and as we are page limited to delineate each and every one of them. As a result of the foregoing, Defendants have failed to satisfy the Federal Rules of Civil Procedure pleading requirements. Therefore, Plaintiff seeks a dismissal of Defendants' affirmative defenses under F.R.C.P. Rules 8 and 12(f) and prevailing case law.

Respectfully, I remain,

Very truly yours,

Stuart H. Finkelstein

SHF/tc
Via ECF to all counsel of record